PETRIE *v* G R D, INC

RELEASE—MASTER AND SERVANT—AUTOMOBILES.

> A release signed by the plaintiff and the driver of an automobile which collided with plaintiff's car, releasing the driver and any "organization legally responsible for the operation, maintenance, or use of the automobile" from liability for the accident, releases the driver's employer.

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 February 8, 1972, at Detroit. (Docket No. 12068.)   Decided March 29, 1972.

Complaint by George A. Petrie against G.R.D., Inc., for negligent operation of an automobile. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Frank R. Langton,* for plaintiff.

*Plunkett, Cooney, Rutt & Peacock,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM.   On October 26, 1969, the plaintiff, George Petrie, was injured in an automobile collision

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur 2d, Master and Servant § 408.

with a vehicle driven by 17-year-old Jay Kinsey. Kinsey was employed by the defendant, G. R. D., Inc., to deliver pizzas and at the time of the accident was performing this service for the defendant.

The plaintiff executed a release on September 1, 1970, acknowledging receipt of $3,250 from Jay Kinsey, Joseph Kinsey, Wescara Kinsey, and "any other person, or organization legally responsible for the operation, maintenance or use of the automobile operated and/or owned by said releasees, from any and all actions, causes of action, claims, and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages * * * sustained, received, or resulting from" the automobile accident.

On January 13, 1971, the plaintiff instituted the present suit against the defendant. The defendant raised as an affirmative defense the release executed in favor of the Kinseys.

On March 19, 1971, the plaintiff moved for summary judgment, arguing that defendant's defense was not valid. The circuit court judge denied the motion and held that the defense of release was valid. Defendant then moved for a summary judgment on May 3, 1971, and the motion was granted. Plaintiff appeals of right.

On motions for summary judgment, the trial judge's only function is to determine whether a material question of fact exists. *Zamler* v *Smith,* 375 Mich 675 (1965). All inferences are made in a light most favorable to the party opposing the motion. *Durant* v *Stahlin,* 374 Mich 82 (1964). The trial judge had before him the release and briefs submitted by the parties. The only issue before him was whether a question of fact existed as to plaintiff's releasing defendant. He found that the release was not ambiguous and that defendant was released by

the words "organization legally responsible for the operation, maintenance or use of the automobile". When written documents are unequivocal, their construction is for the court. *Hewett Grocery Co* v *Biddle Purchasing Co,* 289 Mich 225 (1939). We agree with the trial judge's interpretation.

Affirmed.