ALLSTATE INSURANCE COMPANY v FRANKENMUTH MUTUAL
INSURANCE COMPANY

Docket No. 50203. Submitted April 7, 1981, at Detroit.—Decided
December 1, 1981. Leave to appeal applied for.

On April 7, 1978, William Hines suffered personal injuries arising
out of a motor vehicle accident. At the time of the accident,
Hines was a passenger in a vehicle owned by an insured of
Frankenmuth Mutual Insurance Company. Allstate Insurance
Company commenced payment of personal protection insurance
benefits under a policy of no-fault automobile insurance issued
to Hines' mother; however, upon discovery that Hines might
not be entitled to benefits under that policy because of his
possible nonresidence in his mother's household at the time of
the accident, Allstate, on September 29, 1978, conveyed written
notice to Frankenmuth alleging that Frankenmuth was liable
for personal protection insurance benefits. On October 6, 1978,
Frankenmuth denied liability. On December 7, 1979, Allstate
commenced an action in Wayne Circuit Court seeking recovery
from Frankenmuth of the benefits paid by Allstate to Hines.
Frankenmuth moved for accelerated judgment on the basis
that the claim was barred by the one-year limitation contained
in the no-fault automobile insurance act. Thomas Roumell, J.,
granted the motion for accelerated judgment. Allstate appeals.
*Held:*

The provision in the no-fault automobile insurance act tem-
porally limiting the commencement of actions to recover per-
sonal protection benefits payable under the act requires that
such an action be brought within one year of the accident out
of which the claim for benefits arose unless written notice of
the injury has been given to the insurer within one year of the
accident. If such notice is given, such action to recover benefits
may be commenced at any time within one year after the most

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 344.
    7A Am Jur 2d, Automobile Insurance § 461.
    Validity and construction of "no-fault" automobile insurance plans.
        42 ALR3d 229.
[2] 7 Am Jur 2d, Automobile Insurance § 369.

recent allowable expense; however, the benefits recoverable in such action are limited to those expenses incurred within one year prior to the commencement of the action. The one-year relation back period neither is tolled during the period in which the insurer considers a claim nor is extended by the amount of time that elapses between the presentment of the claim to the insurer and the denial of the claim by the insurer. Accordingly, the trial court properly granted accelerated judgment with respect to the expenses incurred by Allstate prior to December 7, 1978, but erred in granting accelerated judgment with respect to those claims seeking recovery for expenses incurred on or after December 7, 1978.

Affirmed in part, reversed in part.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — NOTICE OF CLAIM — LIMITATION OF ACTIONS.

The provision in the no-fault automobile insurance act setting temporal limitations on the right to commence an action to recover personal protection benefits payable under the act for accidental bodily injury provides that such action be commenced not later than one year after the accident unless written notice of the injury has been given to the insurer within one year of the accident and, if such notice is given, such action to recover benefits may be commenced at any time within one year after the most recent allowable expense; however, the benefits recoverable in such action are limited to those expenses incurred within one year prior to the commencement of the action (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — ACTIONS.

The one-year relation back limitation on recoverable personal protection benefits contained in the provision in the no-fault automobile insurance act permitting actions to recover such benefits if notice of the injury is given to the insurer within one year limits the recovery to those expenses incurred within one year prior to the date of the commencement of the action to recover such benefits; the one-year period neither is tolled during the period in which the insurer considers any claim nor is expanded by the amount of time that elapses between the presentment of the claim to the insurer and the denial of such claim by the insurer (MCL 500.3145[1]; MSA 24.13145[1]).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin*), for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Mark E. Morley),* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiff appeals by right from an order granting defendant accelerated judgment on the ground that the instant action was barred by the one-year statute of limitations for recovery of personal protection benefits under the no-fault insurance act. MCL 500.3145(1); MSA 24.13145(1).

On April 7, 1978, William Hines suffered personal injuries arising out of a motor vehicle accident. At the time of the accident, Mr. Hines was a passenger in a vehicle owned by the defendant's insured. Plaintiff commenced payment of personal protection insurance benefits under a policy of no-fault insurance issued to Hines' mother.

Later, plaintiff discovered that Hines may not have been entitled to benefits under his mother's policy, since he may not have been residing in the household at the time of the accident. Therefore, on September 29, 1978, plaintiff conveyed written notice to defendant alleging that Frankenmuth was liable for personal protection insurance benefits pursuant to MCL 500.3114(4)(a); MSA 24.13114(4)(a). Defendant denied liability in a letter dated October 6, 1978. This suit was commenced on December 7, 1979. Defendant moved for accelerated judgment based on the statute of limitations.

The sole issue on appeal involves the interpretation of the Michigan no-fault insurance statute of limitations provision, MCL 500.3145(1); MSA 24.13145(1). Section 3145(1) reads in pertinent part as follows:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

Plaintiff argues that the act allows it to bring suit any time after giving written notice, but it is barred from recovering any expenses prior to December 7, 1978, since its complaint, filed December 7, 1979, could not reach to recover for injuries incurred more than one year prior to commencement of this action. Defendant asserts that § 3145(1) is a one-year statute of limitations with a provision enabling claimants to extend the period for up to one additional year by giving notice.

Defendant's position is well stated by a panel of this Court in *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 126-127; 290 NW2d 408 (1980), *lv den* 409 Mich 911 (1980):

"By now it is clear beyond peradventure that this section is a one-year statute of limitations, with a provision enabling claimants to extend the period for recovery of personal protection insurance benefits up to one additional year by giving notice. *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 760 (1978), *lv den* 406 Michigan 862 (1979), *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), *lv den* 406 Mich 868 (1979), *Burns v Auto-Own-*

*ers Ins Co,* 88 Mich App 663; 279 NW2d 43 (1979), *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979)." (Footnote omitted.)

Applying the approach taken by these cases, defendant maintains that the limitations period would have expired on April 7, 1979, one year after the accident. Even if the formula adopted in *Richards* is used, the statute of limitations would be tolled for one week, so plaintiff could not commence an action after April 14, 1979.

Defendant misinterprets the holdings on which it relies. Extending the period of recovery up to one additional year by giving notice cannot be construed as extending the period for one contiguous year after giving notice. The language of the statute is clear and unambiguous. If notice has been given, an action may be commenced at *any time* within one year of the most recent allowable expense. However, that action cannot be used to recover for all previous expenses, rather it can be used to recover only those expenses incurred within one year prior to the commencement of the action. This holding is consistent with the construction, but not the application, of the statute in *Richards, supra,* and *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981). Thus, § 3145(1) is a statute of limitations and recovery limitation provision.

Next, we must determine the date on which the permissible period of recovery begins to run. The panel in *Richards, supra,* held that the no-fault time bar is tolled from the date a claimant gives notice of loss until the date of formal denial of liability by the insurance company. Under *Richards,* the permissible period of recovery runs from one year prior to the commencement of the action plus the amount of time an insurance company

takes to formally deny a claim. In *Aldrich, supra,* another panel of this Court gave effect to the plain language of the statute by holding that the permissible recovery is limited to expenses incurred within one year prior to the date of the law suit. We find the reasoning in *Aldrich, supra,* to present the correct application of § 3145(1).

Applying § 3145(1) to the facts, plaintiff complied with the notice requirement set out in the first sentence. Therefore, plaintiff is allowed to commence an action later than one year after the accident. Pursuant to the second and third sentences of the section, plaintiff has one year after incurring an allowable expense to commence suit, but recovery is limited to that portion of the loss incurred within one year prior to commencement of the action. In granting accelerated judgment, the trial court did not determine when the expenses were incurred. Therefore, we hold that the trial court properly granted accelerated judgment for that portion of plaintiff's expenses incurred before December 7, 1978. The trial court erred in granting accelerated judgment for that portion of plaintiff's complaint seeking recovery for expenses incurred on or after December 7, 1978.

Affirmed in part; reversed in part.