HANESH v LAKE STATES MUTUAL INSURANCE COMPANY

Docket No. 77157. Submitted June 19, 1985, at Detroit.—Decided November 19, 1985.

Plaintiffs, Tariq Hanesh and Sabah Isho, were involved in an automobile accident. Within one year after the accident, plaintiffs sought no-fault benefits from defendant, Lake States Mutual Insurance Company, formerly known as Michigan Mutual Auto Insurance Company. Defendant then evaluated this claim for over three years without denying liability. Plaintiffs brought an action against defendant in the Wayne Circuit Court. In its answer, defendant admitted that it was the proper carrier, but defendant then brought a motion for partial summary judgment seeking to bar plaintiffs from recovering no-fault benefits incurred prior to one year before plaintiffs' complaint was filed. The court, Louis F. Simmons, Jr., J. denied the defendant's motion for partial accelerated judgment and granted summary judgment in favor of plaintiffs, finding that plaintiffs' application for no-fault benefits tolled the one-year back rule. Defendant appealed by leave granted. Held:

The statutory period of limitation on actions for recovery of no-fault insurance benefits is tolled from the time written notice of injury is provided to the insurer until the time the insurer formally denies the no-fault claim.

Affirmed and remanded.

D. E. HOLBROOK, JR., J., dissented. He would hold that the running of the period was not tolled. He would reverse.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

The statutory period of limitation on actions for recovery of no-fault insurance benefits is tolled from the time written notice of injury is provided to the insurer until the time the insurer

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 et seq.

When statute of limitations commences to run on automobile no-fault insurance personal injury claim. 36 ALR4th 357.

Validity and construction of "no-fault" automobile insurance claims. 42 ALR3d 229.

formally denies the no-fault claim (MCL 500.3145[1]; MSA 24.13145[1]).

DISSENT BY D. E. HOLBROOK, JR., P.J.

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BEN-
    EFITS — ACTIONS.

*The one-year relation back limitation on recoverable personal
protection benefits contained in the provision in the no-fault
automobile insurance act permitting actions to recover such
benefits if notice of the injury is given to the insurer within one
year prior to the date of the commencement of the action to
recover such benefits is neither tolled during the period in
which the insurer considers any claim nor expanded by the
amount of time that elapses between the presentment of the
claim to the insurer and the denial of such claim by the insurer
(MCL 500.3145[1]; MSA 24.13145[1]).*

*Leo C. Gilhool,* for plaintiffs.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton*
(by *Simeon R. Orlowski),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and W. CAPRATHE,* JJ.

PER CURIAM. Plaintiffs were involved in an automobile accident on November 1, 1978. Within one year after the accident, plaintiffs sought no-fault benefits from defendant. Defendant then evaluated this claim for over three years without denying liability. Defendant claimed that it was unable to determine whether it was the proper carrier liable for the payment of first-party benefits to plaintiffs. Plaintiffs, dissatisfied with the lack of defendant's progress, filed this lawsuit on January 4, 1983. In its answer, defendant admitted that it was the proper carrier, but defendant then brought a motion for partial summary judgment seeking to bar plaintiffs from recovering no-fault benefits incurred prior to one year before plaintiffs' com-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaint was filed. The trial court denied the defendant's motion for partial accelerated judgment and granted summary judgment in favor of plaintiffs, finding that plaintiffs' application for no-fault benefits tolled the one-year back rule. See MCL 500.3145; MSA 24.13145. The trial court stated:

"The court feels that *Richards [v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979)] decision in this particular case, though not on all fours, is similar because of the inaction of the insurance company as claimed by Mr. Gilhool, in investigating this matter for 40 months, and because they misled according to plaintiffs' attorney, Mr. Murphy, who was the previous attorney, that they were going to settle this matter. The courts and the law encourage settlement of these matters. That was the reason for the no-fault changes that we are aware of. And the court feels that in this situation it is violative of that to allow the partial accelerated judgment claim by defendant."

This Court granted defendant leave to file this interlocutory appeal.

MCL 500.3145(1); MSA 24.13145(1) provides as follows:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury unless written notice of injury was provided herein has been given to the insurer within one year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within one year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than one

year before the date on which the action was commenced."

The period of limitations provided in the statute is tolled from the time written notice is provided to the insurer until the time the insurer formally denies the no-fault claim. *Joiner v Michigan Mutual Ins Co,* 137 Mich App 464; 357 NW2d 875 (1984), *Preferred Risk Mutual Ins Co v State Farm Mutual Automobile Ins Co,* 123 Mich App 416; 333 NW2d 303 (1983), *lv den* 417 Mich 1100.9 (1983), *Lansing General Hospital, Osteopathic v Gomez,* 114 Mich App 814; 319 NW2d 683 (1982), and *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979). We recognize that other panels of this Court have rejected this position in favor of a literal reading of the statute.[1] We are persuaded, however, that the reasoning set forth in *Preferred Risk* and *Richards* is the better view.

In *Welton v Carriers Ins Co,* 421 Mich 571; 365 NW2d 170 (1984), the Supreme Court stated:

"Tolling the statute when the insured submits a claim for specific benefits would not appear to detract from the policies underlying the one-year limitation on recovery. By submitting a timely and specific claim, the insured serves the interest in preventing stale claims by allowing the insurer to assess its liability while the information supporting the claim is relatively fresh. A prompt denial of the claim would barely affect the running of limitation period, while a lengthy investigation would simply 'freeze' the situation until the claim is eventually denied. In effect, the insured would be charged with the time spent reducing his losses to a

---

[1] *Kransz v Meredith,* 123 Mich App 454; 332 NW2d 571 (1983), *English v The Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982), *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981), *lv den* 414 Mich 917 (1982), and *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981).

claim for specific benefits plus the time spent deciding whether to sue after the claim is denied." 421 Mich 578-579.

We feel that this analysis supports our decision to follow *Richards.* In this case, defendant readily concedes that it had adequate notice of the claim within one year after the accident. Defendant also admits that it investigated the claim for over three years to determine whether it was the proper carrier to pay no-fault benefits. When plaintiffs commenced this suit, defendant admitted that it was the proper carrier, but then sought the protection of the one-year back rule. We feel that the facts of this case illustrate why *Richards* presents the better approach.

The decision of the trial court is affirmed, and the case is hereby remanded for further proceedings.

D. E. HOLBROOK, JR., P.J. *(dissenting).* I dissent for the reasons expressed in *Kransz v Meredith,* 123 Mich 454; 332 NW2d 571 (1983), and *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981). As the Supreme Court in *Welton v Carriers Ins Co,* 421 Mich 571; 365 NW2d 170 (1984), carefully avoided determining whether *Richards* tolling is available under the statute, I see no reason to retreat from my position.