MOUSA v STATE AUTO INSURANCE COMPANIES

Docket No. 117578. Submitted July 18, 1990, at Lansing. Decided
August 23, 1990.

Mohssen Ali Mousa was injured in an automobile accident.
Mousa sought and for a time received from his no-fault insurer,
State Auto Insurance Companies, wage-loss and medical bene-
fits. After State Auto refused to make further wage-loss and
medical payment, Mousa brought an action in Branch Circuit
Court seeking wage-loss and medical benefits from State Auto.
Defendant moved for partial summary disposition as to any
wage loss or medical expenses incurred prior to April 8, 1987,
on the basis of the one-year-back limitation found in the no-
fault act. The trial court, Michael H. Cherry, J., granted the
motion for partial summary disposition. Plaintiff appealed.

The Court of Appeals *held:*

1. Since plaintiff admitted that defendant orally informed
him in 1986 that it was denying him any further wage-loss
benefits, and the oral notice of denial of the claim for wage-loss
benefits was sufficiently specific to terminate the tolling of the
limitation period, the trial court properly granted summary
disposition as to wage-loss benefits incurred prior to April 8,
1987.

2. Since it is unclear from the record whether defendant give
adequate notice prior to April 8, 1987, as to its intent to deny
any further medical claims, summary disposition relative to the
medical claims was improperly granted.

Affirmed in part, reversed in part and remanded.

1. INSURANCE — NO-FAULT — LIMITATION OF ACTIONS — TOLLING.
The tolling of the running of the one-year-back limitation period
for personal protection benefits under the no-fault act ceases
upon the formal denial by the insurer of liability on a claim for
benefits; while the best formal notice is a writing, the notice
need not necessarily be in writing to constitute formal notice
(MCL 500.3145[1]; MSA 24.13145[1]).

REFERENCES
Am Jur 2d, Automobile Insurance §§ 339, 359, 361.
See the Index to Annotations under No-Fault Insurance.

2. INSURANCE — NO-FAULT — LIMITATION OF ACTIONS — NOTICE OF CLAIM.

The notice of loss by an injured insured to an insurer necessary to toll the running of the one-year-back limitation period for personal protection benefits under the no-fault act must be specific enough to inform the insurer of the nature of the loss; the notice must provide sufficient information so that the insurer knows or has reason to know that there has been a compensable loss (MCL 500.3145[1]; MSA 24.13145[1]).

*Stuart & Stuart* (by *Mark F. Stuart*), for plaintiff.

*Best, Schmucker, Heyns & Klaeren, P.C.* (by *Chad C. Schmucker*), for defendant.

Before: MARILYN KELLY, P.J., and HOOD and DOCTOROFF, JJ.

PER CURIAM. This is an action for no-fault personal injury protection benefits. Plaintiff appeals as of right from a grant of partial summary disposition to defendant, holding plaintiff's claim is barred by the "one-year-back" limitation period of MCL 500.3145(1); MSA 24.13145(1). The trial court found that the limitation prevented recovery for wage loss and medical expenses incurred before April 8, 1987.

Defendant moved for summary disposition under MCR 2.116(C)(7) and (10). Being that a statute of limitations issue was raised, we have reviewed the motion under MCR 2.116(C)(7) and MCR 2.116(G) (3)(a).

Plaintiff admitted that defendant gave him notice in 1986 that it was denying him further work-loss benefits. Therefore, we find no error in the trial court's ruling that the one-year-back limitation barred plaintiff's claim for work-loss benefits. MCR 2.116(I)(1). In reaching this conclusion, we

reject plaintiff's assertion that defendant was obliged to deny benefits in writing. What is required is a formal denial of liability, not a writing. *Lewis v DAIIE*, 426 Mich 93; 393 NW2d 167 (1986). Although the best formal notice is a writing, notice may be sufficiently direct to qualify as formal without being put in writing.

As for medical benefits, we vacate the trial court's decision and remand for further proceedings under MCR 2.116(I)(3). We are not persuaded that the lower court record failed to demonstrate a genuine issue of material fact concerning whether the limitation period was tolled. It is not clear either whether plaintiff exercised the requisite due diligence in taking advantage of the tolling. Although he admitted at deposition that he was told in 1986 that benefits were being terminated, one could reasonably infer that the admission applied only to wage-loss benefits. Summary disposition is not appropriate if the facts can support conflicting inferences even when there is no material factual dispute. *DiFranco v Pickard*, 427 Mich 32, 54; 398 NW2d 896 (1986); *Lewis, supra;* MCR 2.116(I)(1).

On remand, the trial court should consider whether the one-year-back limitation period is tolled for medical expenses plaintiff incurred as a result of the accident, applying the test in *Johnson v State Farm Mutual Automobile Ins Co,* 183 Mich App 752; 455 NW2d 420 (1990). The requirement in *Johnson* that the insured give notice of a loss should not be construed too broadly. The notice must be specific enough to inform the insurer of the nature of the loss. It must give sufficient information that the insurer knows or has reason to know that there has been a compensable loss.

Affirmed in part, vacated in part, and remanded for further proceedings. This Court does not retain jurisdiction.