## MT CARMEL MERCY HOSPITAL v ALLSTATE INSURANCE COMPANY

Docket No. 119978. Submitted January 9, 1992, at Detroit. Decided July 6, 1992, at 9:25 A.M.

Mt. Carmel Mercy Hospital brought an action in the Oakland Circuit Court against Allstate Insurance Company, Naima Nafso, and others, seeking payment for medical care provided to Nafso after she was injured in an automobile accident. Nafso, who did not have her own no-fault insurance policy, filed a claim for personal protection insurance benefits with Allstate, the insurer of the driver of the automobile in which she was a passenger; she then assigned the claim to Mt. Carmel. Allstate denied the claim on the ground that the no-fault insurer of a member of Nafso's household was primarily liable pursuant to the no-fault act. The court, Francis X. O'Brien, J., granted summary disposition for Allstate, determining that the action was barred by the statute of limitations that governs actions for the recovery of personal protection insurance benefits, and rejecting a claim of promissory estoppel, subject to a six-year statute of limitations, concerning alleged assurances by Allstate that it would pay the claim. The court also granted summary disposition for Mt. Carmel against Hanne and Naima Nafso and issued a judgment against them in the amount of the unpaid hospital bill. Mt. Carmel appealed, and the Nafsos cross appealed the summary judgment for Allstate.

The Court of Appeals *held*:

1. Pursuant to MCL 500.3145(1); MSA 24.13145(1), an action for recovery of personal protection insurance benefits for accidental bodily injury may not be commenced later than one year after the accident that caused the injury unless written notice of the injury has been given to the insurer within one year of the accident, in which case the claimant may not recover any portion of the loss incurred more than one year before the action is commenced. The one-year-back provision of the statute is tolled from the date of a claim to the date the insurer

REFERENCES

Am Jur 2d, Summary Judgment § 11.
See the Index to Annotations under Summary Judgment.

formally denies liability. In this case, the trial court correctly determined that Allstate had unambiguously and formally denied liability in a letter addressed to the Nafsos' attorney, and that the action was not filed within that portion of the limitation period that remained after the denial of liability.

2. Because a proper resolution of the claim of promissory estoppel involves the credibility of witnesses with conflicting testimony, the trial court should not have granted summary disposition of that claim.

Affirmed in part, reversed in part, and remanded.

JANSEN, J., dissenting, stated that the order of the trial court, to the extent that it applies to the Nafsos and Mr. Carmel, should be reversed because the purported denial of liability was ambiguous and cannot be deemed a formal denial for purposes of the statute of limitations.

ESTOPPEL — PROMISSORY ESTOPPEL — SUMMARY DISPOSITION.

Summary disposition of a claim of promissory estoppel should not be granted where its resolution involves the credibility of witnesses who offer conflicting testimony.

*Warren M. Heiter,* for Mt. Carmel Mercy Hospital.

*Mitchell & Leon* (by *Christina B. Bailey*) (*Cheatham & Acker, P.C.,* by *James G. Gross* and *Mary T. Nemeth,* of Counsel), for Allstate Insurance Company.

*Robert E. Berg, Jr.,* for Hanne Nafso and Naima Nafso.

Before: MICHAEL J. KELLY, P.J., and JANSEN and T. J. LESINSKI,* JJ.

T. J. LESINSKI, J. Plaintiff Mt. Carmel Mercy Hospital and defendants Hanne and Naima Nafso appeal as of right two orders of the Oakland Circuit Court granting summary disposition in favor of defendant-appellee Allstate Insurance

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Company pursuant to MCR 2.116(C)(10) in an action brought to collect no-fault personal injury benefits. At issue is whether the one-year statute of limitations applicable to claims for personal injury protection (PIP) benefits bars Mt. Carmel, as Naima Nafso's assignee, from collecting from Allstate its costs of treating her. We reverse the trial court's grant of summary disposition for Allstate.

This dispute centers on nonpayment for medical services rendered by Mt. Carmel to Naima Nafso after she was injured in an automobile accident that occurred in August 1986. Between August 17, 1986, and December 5, 1986, Mt. Carmel rendered care, accommodation, and services to Naima, for which it sought a total of $64,160.16.

Allstate insured Hani Nafso, son of defendants Nafso, at the time of the accident. Hani Nafso was driving the automobile in which his mother, Naima, was riding when she was injured. Hani Nafso did not reside in the same household as Naima. Naima Nafso filed an application for no-fault benefits with Allstate under Hani's no-fault automobile insurance policy on November 15, 1987. Naima assigned her insurance claim to Mt. Carmel in return for the services rendered. Pursuant to the assignment, Mt. Carmel submitted a reimbursement claim for $64,160.16 to Allstate.

Gloria Lewis, a claims adjuster for Allstate, handled the claims. On October 21, 1986, Lewis spoke with Amer Nafso, another son of the Nafsos, for the purpose of determining whether there were any insured motorists living in Naima's household. Lewis characterized Amer's answer as "vague," and she thus contacted a "commercial lookup" approximately two weeks later to determine the existence of insureds in Naima's household. Lewis was informed that Amer's address was 19214 Bauman, Detroit, which is also Naima's residence.

Having discovered the existence of another insured residing in Naima's household, specifically Amer, who was insured by State Farm, Lewis and Allstate allegedly informed the Nafsos' attorney that Allstate was not obligated to pay Naima's PIP benefits.

A person injured in an automobile accident is entitled to PIP benefits from that person's own policy if one exists, from the policy of a spouse, or from the policy of a relative if domiciled in the same household. See MCL 500.3114(1); MSA 24.13114(1). Lewis sent a letter to this effect to Naima Nafso on February 24, 1987. In her affidavit, Lewis also stated that she denied Mt. Carmel's request for authorization for Naima's hospitalization over the telephone and that she referred Mt. Carmel's employee to the Nafsos' attorney on April 6, 1987.

Apparently, Mt. Carmel assigned its claim against Allstate to World Credit, Inc. The record contains a letter dated November 16, 1987, from Lewis referring World Credit back to the Nafsos' attorney on the basis that Allstate would not pay the claims until it received notice of payment or denial of benefits by Union Banker pursuant to a coordinated benefits clause in its policy with Hani. The letter also informed World Credit that Allstate had already informed the Nafsos' attorney that Naima's bills must be forwarded to State Farm for payment under Amer's policy.

On August 24, 1988, Mt. Carmel filed this lawsuit, seeking payment of its bill from Allstate, State Farm, and the Nafsos. State Farm was dismissed from the proceedings pursuant to court order. Subsequently, Allstate brought a motion for summary disposition on the ground that Mt. Carmel and the Nafsos failed to file a complaint within one year of Allstate's denial of coverage for

Naima's PIP claim. The trial court granted All-
state's motion. In a related order, the trial court
granted Mt. Carmel's motion for summary disposi-
tion, establishing the liability of the Nafsos and
dismissing the case. Mt. Carmel appeals the grant
of summary disposition for Allstate and the final
dismissal of the case. The Nafsos cross appeal on
the same grounds, seeking an order obligating
Allstate to pay Mt. Carmel's bill.

In its opinion and order filed on July 3, 1989,
the trial court provided the following reasons for
granting Allstate's motion for summary disposi-
tion:

> 2. A letter from Allstate to counsel for the
> Nafsos, dated February 24, 1987, refers to a con-
> versation between those parties and further gives
> written notice that State Farm insures Akram
> Najir and Amer Nafso.
> 3. The same letter further gives written notice
> that State Farm is the proper party with whom a
> PIP claim for the injured party, Naima, should be
> filed.
> 4. While the letter does not specifically indicate
> a denial of claim, the Court finds, based on coun-
> sel's presumed expertise in the field of No-Fault
> Insurance, that the letter did constitute a suffi-
> cient denial.
> 5. Finally, it would appear that as the statute of
> limitations was no longer tolled as of the date of
> Allstate's letter, the statute expired prior to the
> filing of the complaint and recovery is barred.

Mt. Carmel and the Nafsos contend that they
were never properly informed of Allstate's pur-
ported denial of Naima's claim. According to them,
Allstate's letter dated February 24, 1987, was not
a formal denial. In the alternative, Mt. Carmel
and the Nafsos argue that the purported denial
was ambiguous and, therefore, the question

whether they understood the letter to be a denial was one of fact that should survive a motion for summary disposition. Finally, they assert that Allstate should be estopped from denying coverage because it acknowledged that it would process the claim before the statute of limitations period ran out.

A trial court presented with a motion for summary disposition under MCR 2.116(C)(10) must give the benefit of reasonable doubt to the nonmovant and must determine whether a record might be developed that would leave open an issue upon which reasonable minds could differ. *Arbelius v Poletti,* 188 Mich App 14, 18; 469 NW2d 436 (1991). All inferences are to be drawn in favor of the nonmovant. *Id.* Before summary disposition may be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Id.*

The applicable statute of limitations for PIP claims is found at MCL 500.3145(1); MSA 24.13145(1). It provides:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. *However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. . . .* [Emphasis added.]

It is undisputed that Naima gave Allstate notice of her claim within one year of the accident. It is also undisputed that the period of limitation was tolled by the filing of Naima's claim. See *Lewis v Detroit Automobile Inter-Ins Exchange,* 426 Mich 93, 101-103; 393 NW2d 167 (1986) (notification of a claim for PIP benefits within the statutory period of one year tolls the running of the period of limitation until such time as the insurance company issues a formal denial); *Johnson v State Farm Mutual Auto Ins Co,* 183 Mich App 752, 765; 455 NW2d 420 (1990). Rather, the parties dispute whether Allstate "formally" denied coverage for Naima's PIP claim, which would cause the period of limitation to begin running again.

The one-year-back provision found in MCL 500.3145(1); MSA 24.13145(1) is tolled for any period after notice of the claim is given to the insurance company but before a formal denial of the claim is issued. See *Lewis, supra; Johnson, supra.* In this case, Naima incurred expenses related to her injury between August and November 1986. She provided notice to Allstate on November 15, 1986. Therefore, the one-year period of limitation was tolled.

On the other hand, Allstate sent a letter to Naima's attorney on February 24, 1987, in which it allegedly denied Naima's PIP claim. Mt. Carmel, the assignee of Naima's PIP claim, filed this action on August 24, 1988. If Allstate's letter of February 24, 1987, was a formal denial of coverage as Allstate alleges, then the one-year-back provision of MCL 500.3145(1); MSA 24.13145(1) has not been satisfied and summary disposition was appropriate.

Resolution of this controversy depends on whether the contents of Allstate's February 24, 1987, letter constitutes a "formal" denial of Naima's PIP claim. The letter provides as follows:

> Pursuant to our recent phone conversation, Mr. Amer Nafso and Akram P. Najor live at 19214 Bauman; Detroit, MI 48203; and are insured with State Farm, policy No. 532736261422.
>
> *Therefore, a* PIP *claim for Naima Nafso must be filed with that company.*
>
> We are in receipt of Mr. Nafso's application for benefits. We must know if, if [sic] anyone is taking Mr. Nafso's place in his store; and is the store suffering a loss due to Mr. Nafso's injuries?
>
> Please forward a copy of Mr. Nafso's policy with Continental Life Insurance Company. [Emphasis added.]

What is required for denial of a PIP claim is a "formal" denial of liability. *Mousa v State Auto Ins Cos,* 185 Mich App 293, 295; 460 NW2d 310 (1990). A denial of liability need not be in writing to be formal, *id.,* but it must be explicit. *Johnson, supra. In Joiner v Michigan Mutual Ins Co,* 137 Mich App 464; 357 NW2d 875 (1984), this Court ruled that the defendant insurance company's letter responding to the plaintiff's complaint with the Insurance Bureau regarding the denial of workers' compensation benefits was not a formal denial of the plaintiff's PIP claim and that therefore the one-year provision of MCL 500.3145(1); MSA 24.13145(1) was not applicable. *Id.* at 473-474. In *Bourke v North River Ins Co,* 117 Mich App 461; 324 NW2d 52 (1982), this Court held that a denial of liability was not "formal" where the only communication of denial from the insurance company was a verbal denial made by an adjuster in the field. *Id.* at 470.

Although case law offers little guidance with regard to the question what constitutes formal denial, we find that the language used in the February 24, 1987, letter was a formal denial of Naima Nafso's claim. The language specifically

directs the Nafsos' attorney to seek PIP benefits from Amer's insurance carrier. The denial was based on Allstate's reasonable belief that Amer was domiciled in the same household as Naima. Moreover, the language of the third and fourth paragraphs regarding Allstate's further consideration of a claim by Hanne, to the exclusion of Naima's claim, further supports our holding.

Next, Mt. Carmel and the Nafsos claim that Allstate's alleged denial was ambiguous and left a question of fact that should have survived a motion for summary disposition. However, where written documents are unambiguous and unequivocal, their construction is for the Court to decide as a matter of law. See, e.g., *Dykema v Muskegon Piston Ring Co,* 348 Mich 129, 138; 82 NW2d 467 (1957); *Petrie v G R D, Inc,* 39 Mich App 619, 621; 197 NW2d 848 (1972). On the basis of the language used in Allstate's letter of February 24, 1987, we agree with the trial court that the language of denial in the letter was unambiguous.

The third and final argument made on appeal is that Allstate should be estopped from denying liability for medical bills occasioned by the injuries to Naima Nafso. According to appellants, Allstate's failure to formally deny coverage, and its representations that it was still considering the claim, established a prima facie case of equitable estoppel. Appellants' theory is that Allstate's conduct lulled Mt. Carmel into believing that the statute of limitations defense would not be raised. Thus, appellants argue that the failure to file the claim within one year of the purported denial should be attributed to Allstate's conduct rather than to Mt. Carmel's lack of diligence. Allstate denies having engaged in any conduct that could have caused Mt. Carmel to believe that Allstate

would not assert the statute of limitations to bar the claim.

The elements of promissory estoppel are: (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of promisee, (3) which in fact produced reliance or forbearance of that nature, and (4) in circumstances such that the promise must be enforced if injustice is to be avoided. *Nygard v Nygard,* 156 Mich App 94, 100; 401 NW2d 323 (1986); see also 1 Restatement Contracts, 2d, § 90, p 242. An unequivocal promise not to assert a statute of limitations defense is not required to establish equitable estoppel as long as there is conduct other than a promise that induces action of a definite and substantial character. *Huhtala v Travelers Ins Co,* 401 Mich 118, 132-134, n 16; 257 NW2d 640 (1977).

Two affidavits support the promissory estoppel claim. Counsel for the Nafsos swore to the fact that Allstate never formally denied liability for Naima's PIP claim. We note that the crux of this issue is whether Allstate's contact with Mt. Carmel establishes the elements of a promissory estoppel claim. Moreover, we agree with the trial court that the February 24, 1987, letter was a formal denial of the claim. Consequently, we fail to see the utility of this affidavit to appellants' arguments.

In another affidavit, Paul Williamson, an employee of Mt. Carmel, stated that he was advised by an employee of Allstate that Allstate would make payment for the assigned claim after it checked some information about the people living in Naima's household. In contrast, Gloria Lewis, Allstate's representative working on Naima's claim, stated that she told someone at Mt. Carmel that Allstate would not authorize the hospitaliza-

tion of Naima and that she referred that person to
the Nafsos' attorney on April 6, 1987.

If an employee of Mt. Carmel was told that
payment would be made once Allstate finished its
inquiry into Naima's household, then the first
element of promissory estoppel would be estab-
lished upon the making of that promise. See, e.g.,
*Huhtala, supra* at 118 (promise by the defendant's
agent to pay the injured plaintiff a full and equita-
ble settlement once her physical condition stabi-
lized changed her cause of action from one of
personal injury, with its three-year statute of limi-
tations, into one of breach of contract, which has a
six-year statute of limitations). In the alternative,
if Allstate told Paul Williamson to wait until it
finished its inquiry but otherwise made no prom-
ises, and then failed to notify Mt. Carmel before
the one-year period of limitation ran out, the first
element of equitable estoppel may have been es-
tablished by conduct. See, e.g., *Hanesh v Lake
States Mutual Ins Co,* 147 Mich App 262, 266; 383
NW2d 179 (1985) (the defendant insurance com-
pany could not assert the one-year rule where it
forestalled settlement of an automobile injury
claim by taking three years to investigate the
claim). Resolution of this issue boils down to the
question whether to believe Gloria Lewis or Paul
Williamson. All inferences must be drawn in favor
of the nonmovant and summary disposition may
not be granted unless it is impossible for the
asserted claim to be supported by evidence at trial.
*Arbelius, supra* at 18. Summary disposition is
rarely appropriate in cases involving questions of
credibility. *Id.* Accordingly, the trial court's grant
of summary disposition in favor of Allstate was
improper because there was a question of credibil-
ity. We conclude that Mt. Carmel is entitled to a
remand to allow it an opportunity to establish its

promissory estoppel claim, which has a six-year limitation period.[1] See *Huhtala, supra* at 133-134.

Affirmed in part, reversed in part, and remanded.

MICHAEL J. KELLY, P.J., concurred.

JANSEN, J. *(dissenting).* I respectfully dissent. Contrary to the finding of the majority, I believe that the February 24, 1987, letter was, at best, ambiguous. As noted by the majority, what is required for denial of a personal protection insurance claim is a formal denial of liability. *Mousa v State Auto Ins Cos,* 185 Mich App 293, 295; 460 NW2d 310 (1990). The insurer must formally and explicitly deny liability. *Johnson v State Farm Mutual Automobile Ins Co,* 183 Mich App 752, 763; 455 NW2d 420 (1990). Because the alleged denial was ambiguous, thereby not amounting to a formal and explicit denial of liability, I am of the opinion that a question of fact exists regarding the meaning that the parties attached to this letter.

Furthermore, because the letter was ambiguous, I believe it was inappropriate for the trial court to construe it as a matter of law. In its opinion, the trial court noted that the letter did not specifically indicate a denial of the claim. However, the trial court found that, on the basis of counsel's presumed experience in the field of no-fault insurance, the letter did constitute a sufficient denial. I disagree with this finding. It is incumbent upon the insurer to formally and explicitly deny liability, regardless of a given attorney's experience in

---

[1] Because we conclude that the February 24, 1987, letter from Allstate to counsel for the Nafsos was a formal denial, the judgment of the lower court with respect to the Nafsos remains in force. It is the alleged acts of Allstate responding to inquiries by Mt. Carmel regarding payment that lead us to believe that a factual issue regarding promissory estoppel exists.

the field. The trial court was correct in that the letter did not "specifically indicate a denial." I believe that the ambiguous nature of the letter, coupled with the representations made by Allstate regarding the fact that it was still considering the claim, created an issue of fact regarding the meaning that the parties attached to the alleged denial of the claim.

I would reverse the order of the trial court to the extent it applies to the Nafsos and Mt. Carmel.