*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ENCOMPASS HEALTHCARE, PLLC,

Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY,

Defendant-Appellee.

FOR PUBLICATION
November 17, 2022
9:05 a.m.

No. 357225
Oakland Circuit Court
LC No. 2019-177749-CZ

Before: GLEICHER, C.J., and SERVITTO and YATES, JJ.

GLEICHER, C.J.

The goals of Michigan's no-fault insurance system include promptly compensating victims of motor vehicle accidents for covered losses and reducing the need for litigation. When an insurer denies a claim, the one-year-back rule serves another goal by encouraging claimants to file suit when the evidence is fresh, limiting recovery for improperly denied claims to losses incurred during the year before the action is filed.

But when is a claim denied, thereby triggering the one-year-back rule's damage-limiting provision?

For decades, our courts equitably tolled the one-year damage-limiting provision until the date the insurer formally and explicitly denied liability. Our Supreme Court eradicated this judicial tolling of the one-year-back rule in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005), holding that because the statute did not include a tolling mechanism, none could be engrafted. In 2019, however, the Legislature amended the no-fault act by adding a tolling provision. Now, the one-year-back period is tolled until the date of the insurer's formal denial of a claim. Applying the new statutory language here, we hold that because Citizens Insurance Company never formally denied Encompass Healthcare, PLLC's requests for reimbursement, the application of the one-year-back rule remained tolled until this lawsuit was filed. We reverse the circuit court's contrary finding and remand for further proceedings.

I.  BACKGROUND

The facts are undisputed.  In December 2017, Ronald Mannor was injured in a motor vehicle accident and required surgery to repair a cervical fracture.  Mannor later developed a pressure sore.  Encompass provided treatment for the pressure sore from June to October 2018.  Encompass sought reimbursement from Citizens of $921,828.44, but Citizens paid only $177,655.25.  In May 2019, Mannor assigned his right to benefits and recovery to Encompass.

On November 4, 2019, Encompass filed a complaint in the Oakland Circuit Court, asserting breach of contract and seeking declaratory relief against Citizens for unpaid no-fault benefits.[1]  Encompass alleged that Citizens improperly refused to reimburse it for the reasonably necessary services it provided to Mannor.  Encompass requested a declaration concerning Citizens' obligation to pay and a judgment for the unpaid reimbursement claims, plus costs, interest, and fees.

Following initial discovery, Citizens moved for summary disposition under MCL 2.116(C)(7), (8), and (10).  Citizens contended that the one-year-back rule of MCL 500.3145(2) abrogated any further obligation of payment because Encompass's November 4, 2019 complaint was filed more than a year after the losses at issue were incurred, as Mannor's treatment ended in October 2018.  Citizens requested that the court grant its motion and either (1) dismiss Encompass's complaint in its entirety with prejudice, or (2) dismiss Encompass's complaint with respect to any expenses incurred before November 4, 2018 (which would account for all of Encompass's expenses).

Encompass conceded that its expenses were incurred more than a year before it initiated this action, but argued that reimbursement was nevertheless warranted because of the recently adopted tolling provision within MCL 500.3415(3).  According to Encompass, because Citizens never formally denied its reimbursement claims, the one-year-back rule remained tolled and Encompass was not required to preserve its claims with an earlier complaint.

Citizens countered that MCL 500.3145(2) requires strict compliance and is not subject to tolling under MCL 500.3145(3), at least not under the circumstances here.

The circuit court partially granted Citizens' motion as follows:

> Pursuant to MCL 500.3145(2), "the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."  [Encompass's] Complaint was filed on November 4, 2019.  Therefore, [Citizens] argues that pursuant to the "one-year-back[ ]rule," as set forth

---

[1] The no-fault act, MCL 500.3103 *et seq.*, was substantially amended by 2019 PA 21, effective June 11, 2019.  Because Encompass's complaint was filed after these amendments took effect, this case is governed by the newly adopted statutory language.  See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 629 (2019) ("This case was commenced before the [2019] amendment[s] and, therefore, it is controlled by the former provisions of the no-fault act.").

in MCL 500.3145(2), supra, any portion of the loss incurred by [Encompass] before November 4, 2018 is not recoverable.

However, the Court finds that MCL 500.3145(3) acts to toll the limitations period in 500.3145(2) for any losses which were not formally denied by [Citizens] prior to November 4, 2018. The Court finds that [Citizens'] [EORs] serve as formal denials within the purview of MCL 500.3145(3) because [Citizens] denied portions of [Encompass's] claims. The Court finds that summary disposition is appropriate regarding all claims that were denied via an [EOR] prior to November 4, 2018. However, summary disposition is inappropriate as to any claims that were denied via an [EOR] dated on or after November 4, 2018.

The court later clarified this ruling at Encompass's request, stating:

The Court's May 14, 2020 Opinion & Order was clear. All claims which were denied by an [EOR] prior to November 4, 2018 are barred by the limitations period in MCL 500.3145(2). The Court's ruling made it clear that an [EOR] serves as a formal denial within the purview of MCL 500.3145(3). Therefore, the limitations period in MCL 500.3145(2) began[, for each reimbursement claim,] upon the issuance of the first [EOR] denying the claim in whole or in part.

On April 30, 2021, the circuit court entered a stipulated order dismissing Encompass's complaint without prejudice so that Encompass could file the instant appeal challenging the court's May 14, 2020 and January 8, 2021 orders.

## II. STANDARD OF REVIEW

We review de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review issues of statutory interpretation de novo. *People v Zajaczkowski*, 493 Mich 6, 12; 825 NW2d 554 (2012).

Under MCR 2.116(C)(7), summary disposition is warranted when a claim is barred by the applicable statute of limitations. *Al-Shimmari v Detroit Med Ctr*, 477 Mich 280, 288; 731 NW2d 29 (2007). Additional documentary evidence beyond the pleadings may be submitted by the parties, but is not required; if provided, such evidence must be considered. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). Whether a statute of limitations applies in a case is a question of law we review de novo. *Ferndale v Florence Cement Co*, 269 Mich App 452, 457; 712 NW2d 522 (2006). In contrast, motions under MCR 2.116(C)(8) "test[] the *legal* sufficiency of a claim based on the factual allegations in the complaint." *El-Khalil*, 504 Mich at 159. "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone."[2] *Id*. at 160.

---

[2] Because the circuit court evaluated documents outside of the pleadings, we consider the motion as granted under MCR 2.116(C)(7) and/or (10). See *Spiek v Mich Dep't of Transp*, 456 Mich 331, 338; 572 NW2d 201 (1998).

MCR 2.116(C)(10) provides that summary disposition is appropriate when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought under MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013).

## III. ANALYSIS

"The primary goal of statutory interpretation is to identify and give effect to the intent of the Legislature. We first look to the specific language of the statute in determining the intent of the Legislature." *Port Sheldon Beach Ass'n v Dep't of Environmental Quality*, 318 Mich App 300, 308; 896 NW2d 496 (2016). "We accord to every word or phrase of a statute its plain and ordinary meaning, unless a term has a special, technical meaning or is defined in the statute." *Guardian Environmental Servs, Inc v Bureau of Constr Codes & Fire Safety*, 279 Mich App 1, 6; 755 NW2d 556 (2008). Relevant here, Michigan courts have recognized that statutory amendments directed at a particular judicial decision can be remedial in nature by "reinstat[ing] the state of the law as it existed prior to the judicial decision." *Buhl v Oak Park*, 329 Mich App 486, 505-506; 942 NW2d 667 (2019), rev'd on other grounds, 507 Mich 236 (2021).

Encompass contends that the circuit court committed reversible error in partially granting Citizens' motion for summary disposition regarding any reimbursement claims that were "denied" by its provision of "explanations of review" (EORs) to Encompass before November 4, 2018. Specifically, Encompass argues that the court erroneously determined that the EORs constituted "formal denials" as contemplated under MCL 500.3145(3).

Encompass particularly faults the circuit court for "effectively reading into the amended statute language that did not exist and ignoring longstanding case law that clearly explained an insurance company's obligation when formally denying a claim." Relying on various cases, Encompass asserts that a formal denial is a legal term of art demanding that such expressions be explicit and unequivocal, requirements that were allegedly lacking in the EORs (or satisfaction of which is at least subject to a question of fact). Encompass also notes that Citizens' practices in responding to the claims allowed for reevaluation of particular expenses even after the initially stated "Approval Date" in each EOR.

Encompass argues further that because Citizens never formally denied the reimbursement claims, the one-year-back rule remained tolled up to the filing of its complaint in November 2019 and did not prohibit relief for any of its claims. Accordingly, Encompass requests that this Court reverse the circuit court's May 14, 2020 order partially granting Citizens' motion for summary disposition (as well as the court's related January 8, 2021 order clarifying this earlier ruling) and remand for further proceedings.

Citizens counters that the circuit court correctly determined that the EORs constituted formal denials under MCL 500.3145(3), thereby ending the tolling period for each reimbursement claim. Noting that the no-fault act does not define "formal denial," Citizens claims that its EORs clearly met this standard based on the normal dictionary definitions of "formal" and "denial." Citizens also argues that the EORs otherwise complied with separate caselaw requiring that such expressions be sufficiently explicit.

-4-

A.  THE ONE-YEAR-BACK RULE AND THE 2019 NO-FAULT AMENDMENTS

Before the recent no-fault amendments, MCL 500.3145, as amended by 2019 PA 21, provided, in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. . . .  However, *the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced*. . . .

(2) An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident.  [Emphasis added.]

Until 2005, Michigan courts interpreted the one-year-back rule to incorporate a judicially created tolling provision that remained in effect until a no-fault claim was formally denied by the insurer.  This Court first applied this tolling rule to former MCL 500.3145 in *Richards v American Fellowship Mut Ins Co*, 84 Mich App 629; 270 NW2d 670 (1978).[3]  See *id*. at 635 ([R]running of the 1 year statute of limitations was tolled from the day [the] plaintiff gave notice of loss . . . until liability was *formally denied* by [the] defendant. . . .") (emphasis added).  Despite that no such tolling exception was explicitly included in the statute, the *Richards* Court reasoned:

[Section] 3145 must be construed in accordance with the Legislature's purpose in enacting no-fault insurance, *i.e.*, that persons injured in automobile accidents be promptly and adequately compensated for their losses arising out of the motor vehicle mishap.

[Without tolling], we would in effect be penalizing the insured for the time the insurance company used to assess its liability.  To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation.

---

[3] Although this Court is not required to follow cases decided before November 1, 1990, see MCR 7.215(J)(1), a published case decided by this Court "has precedential effect under the rule of stare decisis," MCR 7.215(C)(2).  See also *Woodring v Phoenix Ins Co*, 325 Mich App 108, 114-115; 923 NW2d 607 (2018) (stating that although this Court is not "strictly required to follow uncontradicted opinions from this Court decided before November 1, 1990," those opinions are nonetheless "considered to be precedent and entitled to significantly greater deference than are unpublished cases").

* * *

[Allowing tolling under] § 3145 would effectuate the legislative intent in enacting the no-fault act. Unable to profit from processing delays, insurance companies will be encouraged to promptly assess their liability and to notify the insured of their decision. At the same time, the insured will have a full year in which to bring suit. [*Id*. at 634-635 (citations omitted).]

Our Supreme Court upheld *Richards* in *Lewis v Detroit Auto Inter-Ins Exch*, 426 Mich 93; 393 NW2d 167 (1986), while adding a requirement that an insured seek reimbursement with reasonable diligence for tolling to take effect. *Id*. at 101-103. See also *Johnson v State Farm Mut Auto Ins Co*, 183 Mich App 752; 455 NW2d 420 (1990) (asking whether the plaintiff pursued her claim with sufficient diligence to allow for tolling); *Mousa v State Auto Ins Co*, 185 Mich App 293; 460 NW2d 310 (1990) (concluding that the insurer's formal denial of benefits acted to cut off tolling). But our Supreme Court overruled *Lewis* and discarded judicial tolling in *Devillers*, 473 Mich 562. *Devillers* criticized *Lewis* and the cases applying it as wrongly decided, propounding that the cases manifested judicial policy-making contrary to the plain and unambiguous language of former MCL 500.3145. *Id*. at 581-584. The *Devillers* majority overruled these cases and concluded that former MCL 500.3145 must be strictly applied as written, without any tolling provision. See *id*. at 586.

Following the 2019 no-fault amendments, MCL 500.3145 now reads, in relevant part, as follows:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.

(2) *Subject to subsection (3)*, if the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss, or survivor's loss has been incurred. However, *the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced*.

(3) A period of limitations applicable under subsection (2) to the commencement of an action and the recovery of benefits is *tolled from the date of a specific claim for payment of the benefits until the date the insurer **formally denies** the claim*. . . . [Emphases added.]

The central difference between the pre and post-amendment MCL 500.3145 is the insertion of the phrase "until the date the insurer formally denies the claim." No published authority has yet addressed the interplay of these amendments with the earlier discussed caselaw. Therefore, we take this opportunity to conclude that these amendments to MCL 500.3145, particularly the addition of Subsection (3), act to supersede our Supreme Court's ruling in *Devillers* and return the

-6-

state of law to that provided in *Lewis* and its progeny. Critically, the tolling exception adopted in MCL 500.3145(3) is identical to that embraced in the cases overruled, demonstrating the Legislature's intent to impose a tolling exception to the one-year-back rule in the form it existed before *Devillers*.

## B. FORMAL DENIAL UNDER MCL 500.3145

Resolution of this appeal turns on whether the trial court properly determined that Citizens' EORs serve as formal denials of Encompass's reimbursement claims. First, we note that, as explained in *Lewis*, 426 Mich 93, a formal denial ends tolling (and commences the running of the one-year-back rule) because it "unequivocally impresse[s] upon the insured that the extraordinary step of pursuing relief in court must be taken." *Id*. at 101. Despite Citizens' reliance on the normal dictionary definitions of "formal" and "denial" to support its argument, both parties recognize that Michigan courts have provided specific guidance for what may qualify as a formal denial of claims in insurance disputes. There is no need to resort to dictionary definitions.

In *Mousa*, 185 Mich App 293, applying the pre-*Devillers* tolling exception to former MCL 500.3145, this Court explained that while a formal denial need not be in writing, it must be "sufficiently direct." *Id*. at 295. We again interpreted the meaning of a formal denial, albeit regarding tolling under a separate statutory provision, in *McNeel v Farm Bureau Gen Ins Co of Mich*, 289 Mich App 76; 795 NW2d 205, 225 (2010). While the *McNeel* majority addressed the timing of a purported formal denial without specifically mentioning its requirements, *id*. at 86-87, the dissent clarified the applicable standard as follows:

> Our appellate courts have already parsed the meaning of the term "formal denial."
> A denial of liability need not be in writing to be formal, but it must be explicit.
> Although the best formal notice is a writing, notice may be sufficiently direct to
> qualify as formal without being put into writing. Accordingly, under this state's
> jurisprudence, a "formal denial" must be explicit and direct. [*Id*. at 111 (KELLY, J.,
> dissenting; quotation marks and citations omitted).]

Justice KELLY's formulation was later embraced by this Court. See also *Smitham v State Farm Fire & Cas Co*, 297 Mich App 537, 545, 549; 824 NW2d 601 (2012) ("[A] *formal denial* such as is necessary to end tolling must be explicit and unequivocally impress upon the insured the need to pursue further relief in court[,] . . . [and] an insurer may end the tolling period by explicitly indicating that the insurer is denying all liability in excess of what it has paid."). We now readopt this explanation of "formal denial" detailed in the pre-*Devillers* line of cases.

We conclude that Citizens' EORs did not provide the explicit and unequivocal expression of finality required to constitute formal denials under our pre-*Devillers* jurisprudence. Accordingly, tolling remained in effect under MCL 500.3145(3) until Encompass filed its November 4, 2019 complaint, and its reimbursement claims were not time-barred by the one-year-back rule. The circuit court erred in dismissing Encompass's claims arising from the EORs issued before November 4, 2018. Summary disposition should have been denied without qualification.

The EORs included no language clearly stating that the claims were denied, at least not with the finality and clarity required to end the tolling period. The EORs essentially stated only

the amount of each claim that was "[a]llowed" versus "[r]educ[ed]," with little additional detail. While the EORs provided "[c]omments" for most bills, most simply read, "Professional Review Completed by [various medical personnel abbreviations]." A limited number requested that Encompass submit additional documentation regarding a claim or claims[4] (e.g., "Please send an updated signed specific Dr. order that should include the to and from dates of service for the IV infusion medications and supplies for a review consideration. Thank you, Professional Review Completed, SE, RN"). Given the nature of the comments requesting additional information, Encompass could not reasonably infer that the EORs were denials. For EORs lacking a request for more information, Citizens argues that Encompass should have assumed that Citizens had issued a formal and final denial. But no information ever "*explicitly* indicat[ed] that the insurer [wa]s denying all liability in excess of what it ha[d] paid." *Smitham*, 297 Mich App at 549 (emphasis added). A direct and forthright denial of coverage puts the claimant on notice that the clock is ticking. Relying on inferred denials invites disagreements and litigation, undermining one of the goals of the no-fault act.

Most of Citizens' EORs included the following disclaimer:

This bill has been evaluated against the prevailing billing practices for healthcare providers within your geographic area. The reimbursement rate may therefore be different than the amount billed.

Please be advised that this bill may have been adjusted pursuant to the provisions of any applicable statute or any applicable policy of insurance. Based upon the adjustment of the bill pursuant to any applicable statute or any applicable policy of insurance, the payment for this bill may different that the amount billed.

This general disclaimer was merely included as boilerplate and did not afford Encompass with an explicit and unequivocal denial of benefits. Given the generality of these statements, like that of the information relating to the amounts approved and any reductions made, Citizens' EORs simply lacked the clarity to unequivocally convey a need for Encompass to seek redress in court and make them formal denials under MCL 500.3145(3).

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Deborah A. Servitto
/s/ Christopher P. Yates

---

[4] A single comment provided a more explicit denial of liability for the claims in that EOR, stating, "Reevaluation completed and further reimbursement is not supported." But this EOR was completed in December 2018 and therefore would not have barred relief under the one-year-back rule even if considered a formal denial.