# STATE OF MICHIGAN

# COURT OF APPEALS

---

JESSICA A. DILLON,

 Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

 Defendant-Appellant.

FOR PUBLICATION
May 3, 2016
9:10 a.m.

No. 324902
Isabella Circuit Court
LC No. 2012-010464-NF

---

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

SAWYER, P.J.

At issue in this case is the question of how specific must a notice of injury be under MCL 500.3145(1). More particularly, whether the notice must identify the specific injury for which the insured later seeks coverage. We hold that it does not.

Plaintiff was injured in August 2008 when she was struck by a motor vehicle while she was crossing the street. She was transported by ambulance to the hospital. Her initial complaints were of upper and lower back pain and various abrasions. After various imaging studies, no significant injuries were noted. When plaintiff spoke with a representative from defendant, she complained only of injury to her lower back, left shoulder and various abrasions. No mention was made of an injury to her left hip. Defendant made payments related to those injuries.

In March 2011, plaintiff sought treatment for hip pain. She again sought treatment in December 2011 for left hip pain. She underwent physical therapy to relieve the pain. Treatment continued into early 2012. After an arthrogram was performed on February 3, 2012, plaintiff was diagnosed with a left anterosuperior quadrant labral tear/detachment. Arthroscopic surgery was performed in March 2012. Because plaintiff attributes the hip injury to the 2008 accident, she sought payment of personal protection insurance benefits from defendant. Defendant denied the claim on the basis that it had not received notice of the hip injury within one year of the accident. The trial court denied defendant's motion for summary disposition and, following trial, the jury found in plaintiff's favor. Defendant now appeals. We affirm.

MCL 500.3145(1) provides as follows:

-1-

An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

Thus, the question presented in this case is whether it was necessary for plaintiff to specifically identify in her notice of injury an injury to her left hip in order to successfully pursue a claim for benefits related to her hip injury, where the claim arose more than one year after the accident. In particular, we must determine what is meant in the last sentence of § 3145(1) by "the time, place and nature" of the injury.

Defendant does identify some unpublished decisions of this Court that seem to support its decision. But defendant points to no published decision of this Court or the Supreme Court that clearly resolves this question, nor have we been able to discover any such opinion ourselves. The unpublished opinions relied upon by defendant seem to trace their holdings to our decision in *Mousa v State Auto Ins Cos*[1] and the Supreme Court's decision in *Welton v Carriers Ins Co*.[2] But we find little assistance in those cases to resolve this issue. And, for that matter, we find that what assistance is provided would seem to support plaintiff more so than defendant.

*Mousa* goes into no detail about the extent of the notice of injury and its guidance is limited to these two sentences: "The notice must be specific enough to inform the insurer of the nature of the loss. It must give sufficient information that the insurer knows or has reason to know that there has been a compensable loss."[3] The first sentence does little more than rephrase the statute and the second speaks of "a" loss, rather than "the loss" and says nothing about it having to specifically identify the injury for which the insured is now seeking compensation. Because of the general language employed, particularly the use of the indefinite article rather than a definite article, if any conclusion can be reached it would be that *Mousa* stands for the proposition that the notice of loss does not need to identify the specific injury.

---

[1] 185 Mich App 293; 460 NW2d 310 (1990).

[2] 421 Mich 571; 365 NW2d 170 (1984).

[3] *Mousa*, 185 Mich App at 295.

Turning to *Welton*, we find a bit more guidance. *Welton* dealt with a tolling question not involved in this case.[4] But, because the plaintiff's argument in that case was based upon the notice of injury, the Court did have to discuss it. But it concluded that the notice of injury was inadequate to invoke the type of tolling the plaintiff argued for because "a general notice of injury of the type here given is insufficient to trigger tolling."[5] The Court then went on to briefly discuss the nature of the notice of injury required under the statute:

> Notice of injury simply informs the insurer of "the name and address of the claimant," "the name of the person injured and the time, place and nature of his injury." MCL 500.3145(1); MSA 24.13145(1). Until a specific claim is made, an insurer has no way of knowing what expenses have been incurred, whether those expenses are covered losses and, indeed, whether the insured will file a claim at all.

While hardly definitive of the question before us, it would seem that the *Welton* Court, to the extent the opinion has any relevance after *Devillers*, viewed the notice of injury required by the statute in much more general terms than defendant proposes or than did this Court in the unpublished decisions relied upon by defendant.

Thus we must turn to the words of the statute itself to divine its meaning. Looking to the first sentence of § 3145(1), we contrast the phrase "notice of injury" with the phrase "benefits for the injury." In the first phrase, which describes the notice that must be given to relax the application of the one-year back rule, the use of the definite article "the" is conspicuously absent. The fact that the Legislature uses it later in the same sentence suggests that it was not mere oversight or poor grammar. The definite article "the" is "used as a function word to indicate that a following noun or noun equivalent is definite" or that it "is a unique or particular member of its class" and it also serves "as a function word before a noun to limit its application to that specified by a succeeding element in the sentence."[6] The fact that the Legislature omitted its use before the word "injury" in "notice of injury" indicates that the Legislature was not referring to a definite or particular injury. That is, if the Legislature intended for the "notice of injury" to identify a very specific injury, such as an injury to the left hip, rather than the mere fact that an accident resulted in some injury, it would have provided that "notice of *the* injury" must be given.

---

[4] The *Welton* Court accepted, without deciding the existence of the tolling that the plaintiff advocated. Later, in *Lewis v DAIIE*, 426 Mich 93; 393 NW2d 167 (1986), the Court adopted the judicial tolling doctrine. But, the Supreme Court later overruled *Lewis* in *Devillers v Auto Club Ins Ass'n*, 473 Mich 562; 702 NW2d 539 (2005), overruling *Welton* as well.

[5] *Welton,* 421 Mich at 579.

[6] Merriam-Webster's Collegiate Dictionary (11th ed), p 1294.

Turning to the last sentence § 3145(1), the Legislature tells us that, among other things, the notice shall give the "nature of his injury." Merriam-Webster's[7] in this context defines "nature" as "a kind or class usu. distinguished by fundamental or essential characteristics." Thus, we see reference to the general, not the specific.[8] Accordingly, we reject defendant's argument that the notice of injury must have specified injury to plaintiff's left hip. The fact that they received notice that she suffered physical injuries in a motor vehicle accident was sufficient to satisfy the statute.

In conclusion, because plaintiff gave notice of injury within one year of the accident, § 3145(1) allows her to recover personal protection insurance benefits for any loss incurred within one year of the commencement of the action.

Affirmed. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[7] P 826.

[8] Merriam-Webster's gives as an example of this definition "documents of a confidential nature." That is, a group or type of document, not the identification of a specific document.

-4-