# STATE OF MICHIGAN

# COURT OF APPEALS

PAUL GREEN,

       Plaintiff-Appellant,

v

HOME-OWNERS INSURANCE COMPANY,
also known as AUTO-OWNERS INSURANCE
COMPANY,

       Defendant-Appellee.

UNPUBLISHED
January 2, 2018

No. 333315
Macomb Circuit Court
LC No. 2015-004584-AV

Before: JANSEN, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals by leave granted the circuit court's opinion and order affirming the district court's order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and (C)(10). We affirm.

## I. BACKGROUND

On March 7, 2012, plaintiff suffered a fractured right fibula in a motor vehicle accident. According to the hospital records, he had associated knee pain, but there was "[n]o associated neck pain, associated chest pain, associated abdominal pain, [or] associated back pain." On March 22, 2012, plaintiff filed an application for benefits with defendant, describing the injury only as a "broken right leg." Over the next few examinations, the doctors determined that plaintiff's leg was healing properly. On May 21, 2012, plaintiff complained of hip pain, and after an x-ray was conducted, he was diagnosed with "hip arthritis." According to defendant's claims adjuster, by December 2013, plaintiff was not being treated for his injury.

On March 16, 2015, plaintiff went to the hospital with complaints of arm pain. According to the hospital records, plaintiff was found to have a "compression fracture T1." The hospital records also indicated that plaintiff's clinical history included a motor vehicle crash three years earlier and that he had "back pain since, pain and numbness in bilateral upper extremities, [and a] compression fracture T1." After the examination, plaintiff was diagnosed with "mild chronic compression deformity of the superior endplates of T1 and T2." On July 15, 2015, plaintiff filed a complaint after defendant refused to pay benefits for plaintiff's neck injuries. Plaintiff claimed that the doctors attributed his neck injuries to the 2012 motor vehicle accident and that he was entitled to benefits. The district court granted defendant's motion for

-1-

summary disposition, concluding that MCL 500.3145(1) barred plaintiff's claim because he did not provide notice within one year of the accident that was specific enough to inform defendant of the nature of the injury. On May 19, 2016, the circuit court affirmed the district court's decision. We granted leave to appeal.

On appeal, plaintiff relies heavily on this Court's decision in *Dillon v State Farm Mut Auto Ins Co*, 315 Mich App 339; 889 NW2d 720 (2016), vacated in part ___ Mich ___ (2017) (Docket No. 153963), for the proposition that the notice of injury required to satisfy MCL 500.3145(1) needs to only specify generally that plaintiff was injured in a motor vehicle accident. However, in a recent order, our Supreme Court vacated this Court's analysis of MCL 500.3145(1) and held that "notice of injury" requires specificity sufficient to describe the "nature of the injury." *Dillon v State Farm Mut Auto Ins Co*, ___ Mich ___ (2017). Thus, plaintiff's argument is unavailing.

## II. STANDARD OF REVIEW

Defendant filed its motion pursuant to MCR 2.116(C)(7), raising an issue involving the statute of limitations under MCL 500.3145.[1] "This Court reviews de novo a trial court's ruling on a motion for summary disposition as well as the legal question of whether a cause of action is barred by a statute of limitations." *Citizens Ins Co of America v University Physician Group*, 319 Mich App 642; ___ NW2d ___ (2017) (Docket No. 328553); slip op at 2. Pursuant to MCR 2.116(C)(7), a party may be entitled to summary disposition if a statute of limitations bars the claim. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 278; 769 NW2d 234 (2009). "In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). Furthermore, the trial court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. at 61-62. Questions of statutory interpretation are reviewed de novo. *Ford Motor Co v Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006). "Our review of the circuit court's review of the district court's order is also de novo." *Noll v Ritzer*, 317 Mich App 506, 510; 895 NW2d 192 (2016), citing *First of America Bank v Thompson*, 217 Mich App 581, 583; 552 NW2d 516 (1996).

## III. ANALYSIS

MCL 500.3145(1) provides, in relevant part:

(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as

---

[1] While defendant also filed its motion pursuant to MCR 2.116(C)(10), the district court entered the order pursuant to MCR 2.116(C)(7), and this Court must review the decision based under that court rule. See *Mousa v State Auto Ins Cos*, 185 Mich App 293, 294; 460 NW2d 310 (1990) (holding that MCR 2.116(C)(7) is the proper court rule for a claim involving MCL 500.3145).

provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury.

Defendant argues that the notice provision at issue bars plaintiff's claim for personal injury protection (PIP) benefits because plaintiff did not provide notice of his neck injury until 2014, which was more than one year after the accident. We agree.

Our decision in *Dillon* narrowly tailored the issue as follows:

> Given [the] statutory language [under MCL 500.3145(1)], the question presented in this case is whether it was necessary for [the plaintiff] to specifically identify in her notice of injury an injury to her left hip in order to successfully pursue a claim for benefits related to her hip injury, when the hip-injury claim arose more than one year after the accident. [*Dillon*, 315 Mich App at 341-342.]

When evaluating the specificity of notice required under MCL 500.3145, we turned to the plain language of the statute:

> [W]e must turn to the words of the statute itself to divine its meaning. Looking to the first sentence of § 3145(1), we contrast the phrase "notice of injury" with the phrase "benefits for the injury." In the first phrase, which describes the notice that must be given to relax the application of the one-year-back rule, the use of the definite article "the" is conspicuously absent. The fact that the Legislature uses it later in the same sentence suggests that it was not mere oversight or poor grammar. The definite article "the" is "used as a function word to indicate that a following noun or noun equivalent is definite" or that it "is a unique or particular member of its class," and it also serves "as a function word before a noun to limit its application to that specified by a succeeding element in the sentence[.]" The fact that the Legislature omitted its use before the word "injury" in "notice of injury" indicates that the Legislature was not referring to a definite or particular injury. That is, if the Legislature intended for the "notice of injury" to identify a very specific injury, such as an injury to the left hip, rather than the mere fact that an accident resulted in some injury, it would have provided that "notice of *the* injury" must be given. [*Dillon*, 315 Mich App at 343-344 (alteration in original).]

We held that "[t]he fact that [the defendant] received notice that [the plaintiff] suffered physical injuries in a motor vehicle accident was sufficient to satisfy the statute." *Id*. at 344.

On November 9, 2017, our Supreme Court entered an order vacating "that part of the Court of Appeals judgment analyzing MCL 500.3145 and concluding that a claimant can satisfy the statute by merely providing notice of a physical injury." *Dillon*, ___ Mich at ___ (2017) (Docket No. 153936); slip op at 1. The Supreme Court stated:

> The Court of Appeals wrongly interpreted MCL 500.3145(1) by suggesting that a claimant can satisfy the statute by merely providing notice that she was *physically* injured. This holding ignores the requirement that the notice describe the "nature of [her] injury." . . . If the Legislature had intended for notice of general physical injury to suffice, it would have stopped at "notice of injury." But the Legislature required "notice of injury as provided herein," and that "herein" includes, "in ordinary language," "the name of the person injured and the time, place and nature of his injury." The phrase "in ordinary language" indicates that the Legislature wanted claimants to be able to give notice of injury without recourse to specialist assistance, while the phrase "nature of his injury" refers to an injury's inherent characteristics.
>
> Taken together, MCL 500.3145(1) requires only the kind of notice that an ordinary layperson can provide. A description of symptoms that are traceable to a diagnosed injury is sufficient to constitute such notice. The statute does not require a claimant to provide a precise medical diagnosis, as this would not constitute 'ordinary language.' " [*Id*. at ___; slip op at 2 (citations omitted) (alteration in original).]

The Court concluded that the plaintiff gave notice of injury that included a sufficient description of the "nature of [her] injury" because "the hip injury could have created the lower back pain, [and] her initial notice can be traced to the eventual injury and was sufficient for the purposes of MCL 500.3145(1)." *Id*.

Here, unlike in *Dillon*, plaintiff's notice to defendant of a leg injury was an insufficient description of a possible fractured neck vertebra. Plaintiff's initial complaints and treatment for his injury were limited to his leg. Consistent with this, plaintiff described his injury in his application for benefits as a "broken right leg." Approximately three years later, plaintiff went to the doctor for arm pain, and the doctor allegedly discovered that plaintiff had a fractured vertebra he associated with the accident. There was, however, no prior indication in the medical records that plaintiff complained about arm, hip, back, or neck pain. To the contrary, the initial hospital records indicated that defendant had no associated pain in his neck, chest, or back. Approximately two months after the accident, plaintiff visited a doctor for hip pain, but the diagnosis was hip arthritis.

Because defendant did not have actual notice of the neck injury, the question turns on whether notice of the broken leg was sufficient to notify defendant of the nature of plaintiff's upper neck injury. The notice of injury must include information about the "nature of his injury," meaning it refers "to an injury's inherent characteristics." *Dillon*, ___ Mich at ___; slip

-4-

op at 2. In *Dillon*, the plaintiff suffered from injuries causing pain to her left shoulder and lower back, and she provided a timely notice describing those injuries. *Id*. A few years later, the plaintiff was suffering from hip pain and diagnosed with a left hip injury that doctors attributed to the car accident. *Id*. Our Supreme Court held that a description of shoulder and back pain was sufficient because "the hip injury could have created the lower back pain" and "her initial notice can be traced to the eventual injury." *Id*. Stated differently, the hip injury could have been the underlying cause of the shoulder and back pain at the time of the accident. *Id*. Here, the description of the broken leg does not, in any way, refer to the inherent characteristics of fractured vertebrae in the neck, and it cannot be reasonably said that the neck injury could have created the symptoms associated with plaintiff's broken leg. Therefore, the initial notice of the leg injury could not be traced to the neck injury. See *id*. ("Because . . . the hip injury could have created the lower back pain, [plaintiff's] initial notice can be traced to the eventual injury and was sufficient for the purposes of MCL 500.3145(1)."). The circuit court did not err when it affirmed the district court's ruling that plaintiff's claim was barred under MCL 500.3145(1).

According to the dissent, "the majority's interpretation of *Dillon* is unnecessarily narrow." The dissent's interpretation, however, would nearly strip our Supreme Court's decision in *Dillon* of any meaning. The dissent correctly states that a layperson need not provide a "precise medical diagnosis," but he or she must provide at least a "description of symptoms" that are "traceable to a diagnosed injury." *Dillon*, ___ Mich at ___; slip op at 2. When reviewing a claim under MCR 2.116(C)(7) and (C)(10), we "must examine the documentary evidence presented and, drawing *all reasonable inferences* in favor of the nonmoving party, determine whether a genuine issue of material fact exists." *Dextrom v Wexford County*, 287 Mich App 406, 415-416; 789 NW2d 211 (2010) (emphasis added). On the facts of this case, there is simply an insufficient description of symptoms in plaintiff's written notice "traceable to a diagnosed injury." It is unreasonable to infer that the broken leg is traceable to the neck injury and notice was, therefore, sufficient to inform defendant of that injury. The dissent claims that we should allow plaintiff an opportunity to obtain an expert who may "establish a link between plaintiff's initial injury and the later-discovered neck fracture injury." Under these circumstances, the circuit court did not err in finding insufficient notice because, at the time of the accident, the symptoms associated with plaintiff's broken leg could not reasonably be traceable to the fractured neck vertebrae reportedly discovered nearly three years later.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron