*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EXECUTIVE AMBULATORY SURGICAL
CENTER and PREMIER ORTHOPEDIC GROUP
PC,

UNPUBLISHED
September 29, 2022

Plaintiffs-Appellees,

v

No. 358799
Wayne Circuit Court
LC No. 20-001680-NF

AUTO CLUB INSURANCE ASSOCIATION,

Defendant-Appellant.

Before: GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

The no-fault act requires that a person injured in a motor vehicle accident provide "written notice of injury" within one year of the accident. MCL 500.3145(1). This notice does not require "a precise medical diagnosis," but if an injury is discovered later, the injured party must be able to give a "description of symptoms that are traceable to a diagnosable injury." *Dillon v State Farm Mut Auto Ins Co*, 501 Mich 915, 916-917 (2017). The circuit court in this case correctly determined that the shoulder injury is potentially traceable to the neck injury suffered in the motor vehicle accident. We affirm.

## I. BACKGROUND

Joseph Closser was injured in an August 21, 2015 motorcycle accident. He suffered injuries to both knees and the tendons in his left wrist and elbow and a left hip hematoma. Three surgeries were performed to repair his knees and left hip. Closser's insurance provider, Auto Club Insurance Association, covered these surgeries. Closser continued to experience pain after the surgeries. On September 22, 2015, Closser reported "whole body" pain, with more specific pain in his left hip, right knee, both wrists, and his neck. On February 10, 2016, Closser reported pain in his left thigh, hip, and knee. On June 1, 2016, Closser reported back and neck pain, as well as continued pain from the hip hematoma.

On July 16, 2019, Closser reported pain "start[ing] in the back of [his] neck, radiat[ing] to the right shoulder" that limited his ability to use his right arm. He claimed that the pain began in

the fall of 2018. Tests revealed a possible rotator cuff tear in Closser's right shoulder. Dr. Stanley J. Sczecienski, who specializes in treating motorcycle accident victims, allegedly advised Closser that he "will have injuries that will literally pop up out of nowhere throughout the rest of [his] life . . . due to the trauma of the motorcycle accident." Closser reported the injury to Auto Club as flowing from his 2015 accident and underwent surgery and treatment with Executive Ambulatory Surgical Center and Premier Orthopedic Group PC. Auto Club refused to pay, concluding that the right shoulder injury was unrelated to the 2015 accident. Executive Ambulatory and Premier Orthopedic filed this first-party no-fault action seeking payment as Closser's assignee.[1]

Auto Club filed a series of three summary disposition motions, all of which were denied. Auto Club contended that it was not responsible for the 2019 medical bills related to Closser's right shoulder injury because Closser failed to provide sufficient written notice of his injury claim within one year of the accident. The court denied the motion without prejudice and allowed Auto Club an opportunity to present additional evidence. The court denied the second motion, ruling:

> So if the initial notice can be traced to the eventual injury, it is sufficient for purposes of MCL 500.3145 under *Dillon* [*v State Farm Mut Auto Ins Co*, 501 Mich 915 (2017)].
>
> And as noted, the eventual injury was found by the jury in that case to be traceable to the accident.
>
> So based on that, [I] am denying the motion as there is sufficient notice here of an injury provided to [Auto Club].
>
> As to whether the shoulder injury was related or not to the accident is matter for the jury to decide.

Auto Club moved for summary disposition a third time, arguing there was no evidence tracing the right shoulder injury to the motorcycle accident. After a brief hearing, the court again denied the motion.

This Court granted Auto Club's delayed application for leave to appeal. *Executive Ambulatory Surgical Ctr v Auto Club Ins Assoc*, unpublished order of the Court of Appeals, entered January 12, 2022 (Docket No. 358799).

## II. ANALYSIS

We review de novo a lower court's resolution of a summary disposition motion. *Zaher v Miotke*, 300 Mich App 132, 139; 832 NW2d 266 (2013). "A motion under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim" and should be granted when after reviewing "the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light

---

[1] Closser filed a separate complaint against Auto Club, which was referred to mediation and settled on February 14, 2021.

most favorable to the nonmoving party," there remains "no genuine issue regarding any material fact" that could be sent to trial "and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citations omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*. at 139-140 (quotation marks and citation omitted).

> MCL 500.3145(1) of the no-fault act requires that
>
> An action for recovery of personal protection insurance [PIP] benefits payable under this chapter for an accidental bodily injury may not be commenced later than 1 year after the date of the accident that caused the injury unless written notice of injury as provided in subsection (4) has been given to the insurer within 1 year after the accident . . . .

MCL 500.3145(4) provides that "[t]he notice must give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place, and nature of the person's injury."

> The Supreme Court explained this notice requirement in *Dillon*, 501 Mich at 916-917:
>
> If the Legislature had intended for notice of general physical injury to suffice, it would have stopped at "notice of injury." But the Legislature required "notice of injury as provided herein," and that "herein" includes, "in ordinary language," "the name of the person injured and the time, place and nature of his injury." The phrase "in ordinary language" indicates that the Legislature wanted claimants to be able to give notice of injury without recourse to specialist assistance, while the phrase "nature of his injury" refers to an injury's inherent characteristics. Taken together, MCL 500.3145(1) requires only the kind of notice that an ordinary layperson can provide. A description of symptoms that are traceable to a diagnosed injury is sufficient to constitute such notice. The statute does not require a claimant to provide a precise medical diagnosis, as this would not constitute "ordinary language."

The plaintiff in *Dillon* reported injuries to her lower back and left shoulder after an August 2008 automobile accident. *Dillon v State Farm Mut Auto Ins Co*, 315 Mich App 339, 340; 889 NW2d 720 (2016), vacated in part 501 Mich 915 (2017). Three years later, the plaintiff was diagnosed with a left hip injury. *Id*. at 340-341. The plaintiff claimed the left hip injury was traceable to the 2008 accident, but the insurer denied the claim because it had not received notice of the hip injury within one year of the accident. *Id*. at 341. This Court affirmed the trial court's denial of the insurer's motion for summary disposition, stating: "The fact that [the insurer] received notice that [the plaintiff] suffered physical injuries in a motor vehicle accident was sufficient to satisfy [MCL.500.3145(1)]." *Dillon*, 315 Mich App at 344-345. The Supreme Court vacated this Court's analysis of MCL 500.3145 but affirmed the holding, articulating:

> In the present case, after being involved in a motor vehicle accident, the claimant provided timely notice of injuries causing pain to her left shoulder and lower back. Years later, the claimant sought treatment for an injury to her left hip that, according

to the jury, was caused by the same accident. Because, as the claimant's doctor pointed out, the hip injury could have created the lower back pain, her initial notice can be traced to the eventual injury and was sufficient for the purposes of MCL 500.3145(1). For this reason, although we vacate the Court of Appeals analysis of MCL 500.3145, we AFFIRM the Court of Appeals judgment on other grounds and DENY leave to appeal in all other respects. [*Dillon*, 501 Mich at 916-917.]

When taken together, *Dillon* leads to the following principle: notice for purposes of MCL 500.3145 is satisfied by a "description of symptoms that are traceable to a diagnosed injury . . . ." *Dillon*, 501 Mich at 916.

In this case, Closser suffered various diagnosed injuries in his 2015 accident. However, he did not immediately experience any pain in his right shoulder. Within a year of the accident, Closser began reporting severe neck pain that he had not previously reported. Accepting Closser's reports as true, as we must in connection with a MCR 2.116(C)(10) motion, by the fall of 2018, Closser began experiencing debilitating pain in his right shoulder that limited his ability to use his right arm. This eventually led to the discovery of a torn rotator cuff requiring additional surgery.

To connect Closser's right shoulder injury to the 2015 motorcycle accident, plaintiffs presented an affidavit from Premier Orthopedics doctor Jiab Suleiman. Dr. Suleiman attested that when a person injures his wrist or elbow in a motor vehicle accident, he "likely also would injure the much more fragile shoulder" and that "often neck pain is caused by an injury to the shoulder." However, Dr. Suleiman did not connect Closser's *right* shoulder injury to the earlier injury to Closser's *left* wrist and elbow. Rather, Dr. Suleiman opined that Closser's "shoulder injury would be existent but masked, *specifically the left shoulder*, as it is difficult to injure an elbow and/or a wrist . . . without also injuring the connected shoulder." (Emphasis added.)

Dr. Suleiman's affidavit creates some connection between Closser's neck pain, which he reported about 10 months after his accident, and the left shoulder injury. Closser described that the pain in his right shoulder radiated from his neck, and the neck injury had already been established. A jury ultimately might not believe that Closser's right shoulder injury arose out of the accident. However, the evidence supports a sufficient connection that Closser's initial notice of injury covers the eventual expression of a shoulder injury.

Even so, we note that Dr. Suleiman established no connection between the injuries to Closser's *left* wrist and elbow and the injury to Closser's *right* shoulder, instead discussing a nonexistent injury to his left shoulder. And Closser's claims of pain throughout his whole body are not sufficient to provide notice under MCL 500.3145. Our Supreme Court dispensed with that logic when it vacated our reasoning in *Dillon*, 501 Mich at 916.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel

-4-